IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER WRIGHT | : | CIVIL ACTION |
| | : | NO.   14-2860 |
| vs. | : | |
| PNC MORTGAGE f/k/a NATIONAL CITY MORTGAGE; and PNC BANK, N.A. | : | |

O'NEILL, J.                                                                                  September 22, 2014

MEMORANDUM

I have before me defendant's motion to dismiss the amended complaint and plaintiff's response thereto. The motion will be GRANTED in part and DENIED in part.

Plaintiff alleges three causes of action against PNC: (1) violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C.§ 2605(k)(1)(C) and 12 U.S.C. § 2605(k)(1)(E); (2) attorneys' fees and expenses; and (3) negligence.

Plaintiff's RESPA claims will be dismissed because, as plaintiff concedes, the two provisions of RESPA upon which the claims are based did not become effective until after the wrongful conduct alleged in the amended complaint occurred. RESPA's provisions are not applicable retroactively. McCauley v. Home Loan Inv. Bank, 710 F.3d 551, 554 n.2 (4th Cir. 2013). Plaintiff's claim for attorneys' fees and expenses will be dismissed insofar as it claims fees and expenses incurred in the initiation and prosecution of this action because the only authority for the award of such fees and expenses would be RESPA and the claims asserted under RESPA are being dismissed. No opinion is expressed as to any other claim for legal fees and expenses.

Defendant's motion to dismiss Count II for negligence will be denied. Plaintiff concedes that she has no cause of action under her contract with defendant. However, she asserts that she has a cause of action arising from a confidential relationship between her and defendant. The parties agree that such a cause of action exists. The facts allegedly constituting this confidential relationship are that plaintiff was advised by a representative of defendant to discontinue making monthly payments on her mortgage and to apply for a loan modification, that she did so and, that as a result of her failure to make those payments, foreclosure proceedings were instituted against her. In my view, these allegations are sufficient to allege a confidential relationship under Pennsylvania law justifying the maintenance of an action in negligence.

An appropriate Order follows.