IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER WRIGHT | : | CIVIL ACTION |
| | : | NO.   14-2860 |
| vs. | : | |
| | : | |
| PNC MORTGAGE f/k/a NATIONAL CITY | : | |
| MORTGAGE; and PNC BANK, N.A. | : | |

O'NEILL, J.                                                                                                   October 7, 2014

## **MEMORANDUM**

On September 22, 2014, I issued a memorandum and order granting in part and denying in part defendant PNC Mortgage's motion to dismiss plaintiff Jennifer Wright's amended complaint.  Dkt. Nos. 16 and 17.  Now before me is defendant's motion seeking reconsideration of my September 22 Order.[1]  Dkt. No. 20.  For the following reasons I will deny defendant's motion.

Defendant first argues that I wrongly based my "decision on PNC's 'agreement' that a cause of action for negligence exists between the parties."  Dkt. No. 22-2 at ECF p. 3-4.  In my Opinion, I noted plaintiff's "assert[ion] that she has a cause of action arising from a confidential relationship between her and defendant" and explained that "[t]he parties agree that such a cause of action exists."  Dkt. No. 16 at ECF p. 2.  Defendant asserts that it "never conceded, and does not concede, that a cause of action of negligence exists between the parties."  Dkt. No. 22-2 at

---

[1]  Local Civil Rule 7.1(g) allows parties to file motions for reconsideration.  "The purpose of the motion for reconsideration is to correct manifest error of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  "In a motion for reconsideration, the burden is on the movant . . . to show 'manifest' errors of law or fact or new evidence."  Egervary v. Rooney, 80 F. Supp. 2d 491, 506 (E.D. Pa. 2000) (citation omitted).  "[A] motion for reconsideration addresses only factual and legal matters that the Court may have overlooked.  [It is improper] to 'ask the Court to rethink what [it] had already thought through – rightly or wrongly.'"  Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (citation omitted).  "Because of the interest in finality . . . courts should grant motions for reconsideration sparingly."  Rottmund v. Cont'l Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

ECF p. 3.  I did not mean to imply that defendants have conceded that plaintiff has set forth a valid negligence claim.  Rather, I meant only that defendants had agreed that a lender would owe a borrower a duty where a confidential relationship exists between the lender and the borrower.  See Dkt. No. 12-2 at ECF p. 12 ("A lender owes a duty to the borrower only if a confidential relationship is created whereby the creditor gains substantial control over the debtor's business affairs.") (citations, quotations and emphasis omitted).  I reiterate my previous conclusion that plaintiff's "allegations  are sufficient to allege a confidential relationship under Pennsylvania law justifying the maintenance of an action in negligence."  Dkt. No. 16 at ECF p. 2.[2]

Defendant further seeks reconsideration because my prior opinion "does not address PNC's argument that the gist of the action doctrine bars Plaintiff's negligence claim."  Dkt. No. 22-2 at ECF p. 4.  While I agree that my prior opinion did not specifically deal with the question of whether plaintiff's negligence claim is barred by the gist of the action doctrine, I do not find and did not find that the gist of the action doctrine requires dismissal of plaintiff's negligence claim. "Generally, the gist-of-the-action doctrine precludes a party from raising tort claims where the essence of the claim actually lies in a contract that governs the parties' relationship." Sullivan v. Chartwell Inv. Partners, LP, 873 A.2d 710, 718 (Pa. Super. Ct. 2005).

> Pennsylvania courts have recognized four areas where the gist of the action doctrine precludes recovery in tort:  (1) where liability arises solely from the contractual relationship between the parties; (2) when the alleged duties breached were grounded in the contract itself; (3) where any liability stems from the contract; and (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

---

[2]   Contrary to defendant's characterization of plaintiff's allegations, I find there is nothing vague about her assertion that Ivan Ray, a representative of PNC, "told [her] to cease making her monthly payments moving forward as she would qualify for a mortgage modification."  Dkt. No. 10 at ¶ 16.

Sarsfield v. Citimortgage, Inc., 707 F. Supp. 2d 546, 553 (M.D. Pa. 2010), citing eToll v. Elias/Savion Advertising, Inc., 811 A.2d 10, 14 (Pa. Super. Ct. 2002).  Defendants argue that "given that the applicable mortgage and loan modification agreement govern the parties' duties and obligations with respect to Plaintiff's mortgage payments and PNC's application of those payments, the gist of the action applies to bar Plaintiff's negligence claim."  Dkt. No. 22-2 at ECF p. 4.  I disagree.  I find plaintiff's allegation that defendant's representative advised her to cease making her monthly mortgage payments, Dkt. No. 10 at ¶ 16, is sufficient to allege a cause of action in negligence which arises from conduct that was not governed by or grounded in the contractual relationship between the parties.  Accordingly, I decline to dismiss plaintiff's claims based on the gist of the action doctrine.

      An appropriate Order follows.